IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| DUDLEY KRISSHAWN HICKMAN | § | |
| VS. | § | CIVIL ACTION NO. 6:16cv1185 |
| DIRECTOR, TDCJ-CID | § | |

## ORDER OF DISMISSAL

Petitioner Dudley Krisshawn Hickman, an inmate confined in the Texas prison system, proceeding *pro se*, filed the above-styled and numbered petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was referred to United States Magistrate Judge John D. Love, who issued a Report and Recommendation (Dkt. #21) concluding that the petition should be dismissed as time-barred in light of the one-year statute of limitations. Mr. Hickman has filed objections (Dkt. #23).

Mr. Hickman is challenging his Smith County conviction for felony driving while intoxicated, third or more. He was sentenced on April 4, 2012. The conviction became final when the Supreme Court denied his petition for a writ of certiorari on October 14, 2014. *Hickman v. Texas*, 135 S. Ct. 359 (2014). The present petition for a writ of habeas corpus was due one year later. 28 U.S.C. § 2244(d)(1)(A). It was due on October 14, 2015, in the absence of tolling provisions. The petition was not filed until eleven months later on September 16, 2016.

The provisions of 28 U.S.C. § 2244(d)(2) provide that the time during which a properly filed application for State post-conviction or other collateral review is pending shall not be counted

1

toward any period of limitation. Mr. Hickman's first post-conviction application for a writ of habeas corpus was dismissed by the Texas Court of Criminal Appeals as noncompliant with Rule 73.1 of the Texas Rules of Appellate Procedure. As such, it was not properly filed in order to toll the deadline of October 14, 2015. He properly filed an application for a writ of habeas corpus in State court on May 16, 2016, but it was filed too late to effectively toll the deadline of October 14, 2015. The present petition was untimely filed on September 16, 2016.

In his objections, Mr. Hickman complains about the dismissal of his State application for a writ of habeas corpus as noncompliant. The Texas Court of Criminal Appeals dismissed the application because it exceeded the page limit of fifty pages. He disputes the conclusion that it exceeded the page limits, and he objects to Magistrate Judge Love's remark that he acknowledges that the application exceeded the page limit of fifty pages. Nonetheless, the application was dismissed as noncompliant. It was not "properly filed" within the meaning of § 2244(d)(2). *Wickware v. Thaler*, 404 F. App'x 856, 858-59 (5th Cir. 2010); *Davis v. Quarterman*, 342 F. App'x 952, 953 (5th Cir. 2009). As such, it did not toll the deadline of October 14, 2015. Mr. Hickman's objections do not show that his petition is saved by statutory tolling.

In addition to disagreeing with the assessment that his application was noncompliant, Mr. Hickman also complains that the application sat in the district court for eight months. He asserts that the district clerk should have notified him of the problem so that he could have made a correction. His argument is a plea for equitable tolling. The United States Supreme Court held that AEDPA's one-year statute of limitations may be tolled for equitable reasons. *Holland v. Florida*, 560 U.S. 631, 645, 130 S. Ct. 2549, 2561 (2010). A petitioner is entitled to equitable

tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing. *Id.* at 649, 130 S. Ct. at 2562. The Supreme Court noted, for example, that an extraordinary circumstance must be something beyond a petitioner's control. *Id.* at 651, 130 S. Ct. at 2564. The Fifth Circuit, in turn, has found that an extraordinary circumstance must involve "external factors beyond his control" and not of his "own making." *Sutton v. Cain*, 722 F.3d 312, 316 (5th Cir. 2013). Mr. Hickman's application for a writ of habeas corpus was dismissed as noncompliant because of his own actions; thus, he is not entitled to equitable tolling. The present petition is time-barred.

The Report of the Magistrate Judge, which contains his proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, and having made a *de novo* review of the objections raised by Mr. Hickman to the Report, the court is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and Mr. Hickman's objections are without merit. Therefore, the court adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the court. It is accordingly

**ORDERED** that the petition for a writ of habeas corpus is **DENIED** and the case is **DISMISSED** with prejudice. A certificate of appealability is **DENIED**. All motions not previously ruled on are **DENIED**.

So **ORDERED** and **SIGNED** this **7** day of **March, 2017.**

_____
Ron Clark, United States District Judge